IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01351-BNB

SAMUEL G. ARMIJO,

    Plaintiff,

v.

KRISTIN BROWNING, and
KATHERINE HAY GILBERT,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Samuel G. Armijo, is a prisoner in the custody of the Colorado Department of Corrections at the Delta Correctional Center in Delta, Colorado. Mr. Armijo has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution were violated in connection with his Colorado state court criminal case in the Larimer County District Court. As relief Mr. Armijo a new trial and state court appellate process.

    The Court must construe the Prisoner Complaint liberally because Mr. Armijo is not represented by an attorney in this action. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Armijo alleges that he was involved in a head-on collision in 1999 that resulted in the deaths of four teenagers.  He further alleges that the position of the skid marks on the road, as revealed in pictures of the accident scene taken by his son, exonerates him.  However, Mr. Armijo asserts that the pictures of the accident scene taken by his son were not presented to the state courts in support of his defense because his public defender, Defendant Katherine Hay Gilbert, claimed to have misplaced the pictures after they were given to her.  Mr. Armijo contends that he finally got the pictures back from Ms. Gilbert in 2007, after his trial and the state court appellate process had concluded and the pictures no longer were useful.  Mr. Armijo also contends that a Larimer County court clerk, Defendant Kristin Browning, failed to transmit the pictures to the Colorado Court of Appeals as part of the record on appeal in 2009, apparently in connection with a state court postconviction appeal.  Mr. Armijo summarizes his constitutional claims against the Defendants as follows:

> 6.  The Plaintiff will lastly allege that it was both defendant[s'] undue, unjustified, and illegal mishandling of his exculpatory evidence (pictures of the accident) by unlawfully depriving him from adducing the evidence in his criminal case, and his appellate process, that violated his United States constitutional 14th Amendment right to be free from undue and unjust governmental control, and the due process right to adduce his exculpatory evidence in his criminal case.

(ECF No. 1 at 4.)

The relief Mr. Armijo seeks in this action is a new trial and state court appellate process.  However, the requested relief is not available from the named Defendants and, because that is the only relief he seeks, Mr. Armijo must pursue his claims in a

habeas corpus action pursuant to 28 U.S.C. § 2254 rather than in an action pursuant to 42 U.S.C. § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").  The Court concludes that Mr. Armijo is challenging the fact of his physical imprisonment because he contends he was prevented from presenting exculpatory evidence to the state courts and, as a result, his right "to be free from undue and unjust governmental control" has been violated.  (ECF No. 1 at 4.)  Therefore, because the only relief he seeks is not available in the instant action pursuant to § 1983, the action will be dismissed.

If Mr. Armijo wishes to pursue any habeas corpus claims in this Court, he must file a separate habeas corpus action naming a proper Respondent, and he must use the proper habeas corpus application form.  Before Mr. Armijo may seek habeas corpus relief in federal court, he must exhaust state court remedies for the federal claims he intends to raise.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (noting that state court remedies must be exhausted prior to seeking habeas corpus relief).  In addition, any habeas corpus action Mr. Armijo may wish to pursue is subject to a one-year limitation period.  *See* 28 U.S.C. § 2244(d).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing

fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice because the relief Plaintiff seeks is not available in this action pursuant to 42 U.S.C. § 1983.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   13th   day of        June        , 2012.

BY THE COURT:


   s/Lewis T. Babcock
   LEWIS T. BABCOCK, Senior Judge
   United States District Court