IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01351-LTB

SAMUEL G. ARMIJO,

    Plaintiff,

v.

KRISTIN BROWNING, and
KATHERINE HAY GILBERT,

    Defendants.

ORDER DENYING MOTION TO RECONSIDER AND AMEND

    Plaintiff, Samuel G. Armijo, has filed *pro se* on July 2, 2012, a Motion to Reconsider and Motion to Amend (ECF No. 9) asking the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on June 13, 2012, and to allow him to amend his complaint with respect to the relief being requested in this action. The Court must construe the motion liberally because Mr. Armijo is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Mr. Armijo's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id*.

Mr. Armijo claims in the instant action that Defendants violated his constitutional rights during the course of his state court criminal case by mishandling exculpatory evidence.  The named Defendants are Katherine Hay Gilbert, Mr. Armijo's public defender, and Kristin Browning, a state court clerk who allegedly failed to transmit the exculpatory evidence to the Colorado Court of Appeals in 2009 in connection with Mr. Armijo's state court postconviction appeal.  The Court dismissed the action without prejudice because the relief Mr. Armijo requested in his complaint, a new trial and state court appellate process, is not available from the named Defendants and cannot be obtained in this 42 U.S.C. § 1983 action. The Court advised Mr. Armijo that, if he wishes to pursue his claims for a new trial and state court appellate process, he must

file a separate habeas corpus action against a proper Respondent after exhausting state court remedies.  The Court also advised Mr. Armijo that any habeas corpus action he files is subject to a one-year limitation period.

Mr. Armijo concedes in the motion to reconsider that the only specific relief he requested in the complaint is not available in this § 1983 action.  However, he asks the Court to reconsider dismissing this action and to allow him to amend his request for relief in order to seek monetary damages from Defendants for the alleged constitutional violations.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Armijo fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action because the proposed amendment would be futile.  For one thing, Mr. Armijo's claims for damages, which are premised on events that occurred at the latest in 2009, would be barred by the applicable statute of limitations.  *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (finding that a two-year statute of limitations applies to § 1983 actions in Colorado).  Furthermore, even if his claims were not time-barred, Mr. Armijo may not seek damages from Defendant Gilbert in a § 1983 action because his public defender is not a state actor. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994).  Mr. Armijo's constitutional claims against Defendant Browning also lack merit because Mr. Armijo does not have a constitutional right to postconviction review in state court.  *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987).  As a result, Defendant Browning's alleged failure to transmit certain evidence to the Colorado Court of Appeals in connection with a state court postconviction appeal does not

implicate a federal constitutional right.

For all of these reasons, the motion will be denied. Accordingly, it is

ORDERED that the Motion to Reconsider and Motion to Amend (ECF No. 8) filed on July 2, 2012, is DENIED.

DATED at Denver, Colorado, this 5th day of July, 2012.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court